IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GREGORY PYLES et al.,

        Plaintiffs,

v.                                            CIVIL ACTION NO.   2:23-cv-00354

PRIMECARE MEDICAL OF WEST VIRGINIA INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand.  (ECF No. 5.)   For the reasons discussed herein, the motion is **GRANTED**.

## I.    BACKGROUND

This matter arises out of the death of Jacqueline Pyles ("Decedent") while incarcerated at North Central Regional Jail in Doddridge County, West Virginia.  (ECF No. 4 at 3–8.)   Plaintiff Gregory Pyles ("Plaintiff"), the administer of Decedent's estate, originally filed a complaint in the Circuit Court of Kanawha County.  (ECF No. 1-1 at 4.)   The Amended Complaint asserted claims against Defendant PrimeCare Medical of West Virginia, Inc. and the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), (collectively, "Defendants").  (ECF No. 1-1 at 4–5.)   In addition to state law claims, the Amended Complaint alleged that Defendant WVDCR "violated the clear prohibitions of the United States Constitution against cruel and unusual

1

punishment and deprivation of life without due process or a jury trial" and was "deliberately indifferent to the substantial risk of serious harm" to Decedent.  (*Id.* at 16, ¶¶ 68–69.)

Based on these Constitutional allegations, Defendant WVDCR removed this matter on April 25, 2023, asserting federal question jurisdiction under 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  (ECF No. 1.)  Then, on May 2, 2023, Defendant WVDCR filed its Answer to Plaintiff's Amended Complaint.  (ECF No. 3.)  Pursuant to Federal Rule of Civil Procedure 15, Plaintiff filed his Second Amended Complaint, (ECF No. 4), on May 10, 2023, *see* Fed. R. Civ. P. 15(a)(1)(B) (permitting a party to amend its pleadings as a matter of course within 21 days of a responsive pleading).  The Second Amended Complaint eliminated Plaintiff's federal law-based causes of action.  (*See, e.g.*, ECF No. 4 at 13 (alleging Defendant WVDCR violate the "prohibitions in the *West Virginia* Constitution against cruel and unusual punishment" (emphasis added)).)

On May 12, 2023, Plaintiff filed the pending Motion to Remand.  (ECF No. 5.)  No response was ever filed.  As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States."  U.S. Const. art. III, § 2.  Congress has provided a right of removal from state to federal court for any case that could have originally been brought in federal court.  *See* 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction "of all civil actions arising under the constitution, laws, or treaties of the United States."  The well-pleaded-complaint rule has long governed whether a case "arises under" federal law.  *See, e.g.*, *Phillips Petroleum Co. v. Texaco,*

2

*Inc.*, 415 U.S. 125, 127–28 (1974); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that, absent diversity of citizenship, removal to federal court is proper only if a federal question is apparent on the face of the plaintiff's well-pleaded complaint). Additionally, if a district court has original jurisdiction in a matter, it also has "supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) ("Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims.").

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

However, [a] plaintiff cannot "'re-plead the complaint [after removal] in an attempt to divest this court of jurisdiction by hindsight.'" *McCoy v. Norfolk Southern Ry. Co.*, 858 F.Supp.2d 639, 642 n. 1 (S.D. W. Va. 2012) (quoting *Justice v. Branch Banking & Trust Co.*, 2009 WL 853993 at *7 (S.D. W. Va. Mar. 24, 2009)). Instead, "[t]he Court must determine removal

jurisdiction on the basis of the state court complaint at the time of removal, and a plaintiff cannot defeat removal by amending it." *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 870 (N.D. W. Va. 2015) (Stamp, J.) (internal quotation marks and citations omitted).

### III.    DISCUSSION

In this case, the Amended Complaint—which was the basis of removal—clearly asserted claims under the United States Constitution. (ECF No. 1-1 at 16 ¶¶ 68–69.) As such, removal was proper under federal question jurisdiction. *See* 28 U.S.C. § 1441(a). After removal, Plaintiff filed a Second Amended Complaint and changed his Constitutional allegations to claims under the West Virginia Constitution. (ECF No. 4 at 13.) Although this amendment does not divest the Court of jurisdiction, *McCoy*, 858 F.Supp.2d at 642 n. 1, the Court must decide whether it should exercise supplemental jurisdiction over the pendent state law claims.

Because the Second Amended Complaint eliminated all federal law claims, Plaintiff urges the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). (ECF No. 6 at 7.) Indeed, the Second Amended Complaint is devoid of any federal law claims or even claims related to any issues of federal policy. (*See generally* ECF No. 4.) And, pursuant to § 1367(c)(3), courts have consistently ruled that "'a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain.'" *Wood v. Crane Co.*, 764 F.3d 316, 321 (4th Cir. 2014) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988). Thus, because no federal law-based causes of action remain, (*see* ECF No. 4), the Court declines to exercise supplemental jurisdiction over the pendent state law claims.

### IV.    CONCLUSION

4

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand, (ECF No. 5), and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 20, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE